## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **STEFAN HARTFORD**, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| **NTN DRIVESHAFT, INC.**, | ) ) |
| Defendant. | ) ) |

CIVIL NO.: 1:14-cv-0001-SEB-TAB

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

The parties, by counsel, respectfully request the Court to enter an Order approving the Settlement Agreement ("Agreement") reached by the parties in the above-referenced matter that is attached hereto and incorporated herein as Exhibit A. In support of this Joint Motion, the parties state as follows:

1. This Joint Motion is filed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. On January 2, 2014, Plaintiff filed his Complaint alleging violations of the FLSA on behalf of themselves and others similarly situated. [Dkt. #1].

Plaintiff alleged in the lawsuit that Defendant violated federal law by failing to pay Plaintiff and others proper compensation for all hours worked. Specifically, Plaintiff alleges that Defendant paid all similarly situated employees an hourly rate of compensation, but did not pay them for all hours worked off the clock.

Defendant answered Plaintiff's Complaint and denied the allegations. Defendant's position is that it has paid Plaintiff and others proper compensation for time worked. Among other defenses, Defendant maintains that some or all of the disputed time for which Plaintiff seeks recovery of wages was spent engaged in activities that were not compensable under federal law. Defendant further denies Plaintiffs' request for back pay, liquidated damages, and other damages.

3. On May 30, 2014, Plaintiff filed a Motion to Conditionally Certify and to Facilitate Notices Pursuant to 29 U.S. C. § 216(b). [Dkt. #23]. The parties incorporate by reference the Memorandum of Law filed in support of that motion. [Dkt. #24].

4. On January 26, 2015, the Court issued an Order on Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Distribution of Notice Pursuant to 29 U.S. C. § 216(b), which the parties incorporate herein by reference. [Dkt. #48].

5. On April 8, 2015, the Plaintiff's counsel caused the judicially-authorized notice of this collective action to the following individuals:

> All Assembly Line Workers employed by NTN Driveshaft, Inc. in the Assembly Department in the CVJ East Plant Building in Columbus, Indiana, at any time from January 2, 2011, through the present who may have spent any time working off the clock (*i.e.*, for which they were not paid) in a workweek containing at least 40 hours.

The Court-approved notice provided:

> If you join the lawsuit, you will be bound by the judgment of the Court on all issues decided in this case, whether favorable or unfavorable to you. While this lawsuit is pending, you may be required, with the assistance of the Plaintiff's lawyers or other lawyers of your choice, to respond to written questions, attend a deposition or testify in court about your work hours, or any combination of those things. The attorneys for the Plaintiff are being paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fees. You are NOT under

any obligation to pay any attorneys' fees. If there is a recovery, Plaintiff's attorneys may receive a part of any settlement obtained or money judgment entered in favor of all members of the Class, subject to the Court's approval.

6. In addition to Named Plaintiff Stefan Hartford, the individuals listed in Addendum A to the proposed Settlement Agreement timely filed consents to join this Lawsuit. Hereinafter, these individuals are collectively referred to as "Opt-Ins" or "Plaintiffs."[1]

Each Opt-In executed a consent providing in relevant part:

> I consent to be a party plaintiff in the above-captioned lawsuit. By signing and returning this consent form, I hereby designate representative Plaintiff STEFAN HARTFORD and Plaintiff's attorneys JTB LAW GROUP, LLC and CARESS LAW GROUP ("Plaintiff's Attorneys") to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. **I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable and to be bound by any settlement entered into on my behalf by the representative Plaintiff and Plaintiff's attorneys.**

(Emphasis added).

7. The parties reached a compromise agreement in principle in late 2015. The Named Plaintiff, on behalf of himself and the Plaintiffs, and Defendant NTN, have since stipulated to an Agreement resolving this matter (subject to court approval).

8. The Defendant denies liability and contends that all employees have been appropriately paid.

---

[1] Two individuals (Benjamin Jones and Jacob Colvin) timely filed opt-in notices in this case but do not meet the definition of the class approved by the Court, since they did not work at the department incorporated into the class certified by the Court. These individuals are not listed in Addendum A and are not subject to the release or dismissal with prejudice set forth in this Agreement.

9. The Plaintiff's case alleges violations of the Fair Labor Standards Act. The continued instant litigation could well be lengthy and expensive for all parties. Further, the results of such cases are wide-ranging and incapable of being assured to any degree of certainty. The Plaintiffs who opted into the lawsuit previously authorized the Named Plaintiff and Plaintiffs' counsel as their agents to make decisions on their behalf concerning the litigation and any settlement.

10. Prior to the Agreement, the parties had fully briefed issues related to class certification and participated in discovery. The parties' attorneys have also engaged in detailed discussions regarding claims and alleged damages in this case.

11. The Agreement was based upon a full understanding by the parties of their respective positions and the risk and benefits to concluding the action versus continuing the action.

12. The case is being settled by the Named Plaintiff on behalf of himself and the Opt-Ins. The Named Plaintiff has agreed to a full release of wage and hour claims.

13. The parties request that the Settlement Agreement be reviewed and approved by the Court. In further support of this request, the parties submit as Exhibit B an affidavit of Plaintiffs' counsel regarding requested fees in this case.

14. The parties urge the Court to find that the Agreement is fair, reasonable, and adequate and enter its Order authorizing the same.

- 5 -

WHEREFORE, the parties, by counsel, respectfully request the Court enter an Order authorizing the settlement in this case, and for all other appropriate relief.

Dated: March 4, 2016

| | |
|---|---|
| *s/ Nicholas Conlon* | *s/ Kathleen M. Anderson* |
| Jason Brown | Kathleen M. Anderson |
| Nicholas Conlon | BARNES & THORNBURG LLP |
| JTB Law Group, LLC | 110 E. Wayne Street, Suite 600 |
| 155 2nd Street, Suite 4 | Fort Wayne, IN  46802 |
| Jersey City, NJ 07302 | Telephone: (260) 425-4657 |
| Telephone: (201) 630-0000 | Facsimile: (260) 424-8316 |
| Facsimile: (855) 582-5297 | Email: kathleen.anderson@btlaw.com |
| ATTORNEYS FOR THE PLAINTIFF | David J. Pryzbylski |
| | Terry W. Dawson |
| | BARNES & THORNBURG LLP |
| | 11 South Meridian Street |
| | Indianapolis, IN  46204-3535 |
| | Telephone: (317) 236-1313 |
| | Facsimile: (317) 231-7433 |
| | Emails: david.pryzbylski@btlaw.com |
| | terry.dawson@btlaw.com |
| | ATTORNEYS FOR DEFENDANT |

DMS KMA 3432431v1